## STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
December 11, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**DAVID PIPKIN,**
**Claimant Below, Petitioner**

**vs.)   No. 15-0177**  (BOR Appeal No. 2049871)
                    (Claim No. 2013021606)

**BUCHANAN PUMP & SUPPLY COMPANY, INC.,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner David Pipkin, by Stephen New, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Buchanan Pump & Supply Company, Inc., by Daniel Murdock, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated February 4, 2015, in which the Board remanded a September 2, 2014, Order of the Workers' Compensation Office of Judges for further development of the evidentiary record. In its Order, the Office of Judges reversed the claims administrator's October 2, 2013, decision denying Mr. Pipkin's request to reopen his claim for further consideration of temporary total disability benefits. The Office of Judges reopened Mr. Pipkin's claim on a temporary total disability basis and granted Mr. Pipkin temporary total disability benefits through December 4, 2013. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Pipkin injured his left shoulder on November 19, 2011, while maintaining a pump shaft. Diagnostic imaging performed in the days following the injury revealed a focal distal supraspinatus tear, tendinopathy of the subcapularis, thickening of the middle and inferior glenohumeral ligaments, and a subdeltoid bursal effusion. Mr. Pipkin began treating with

1

Prakash Puranik, M.D., on January 5, 2012. Dr. Puranik performed two left shoulder arthroscopies amid Mr. Pipkin's complaints of ongoing left shoulder pain. The first arthroscopy was performed on February 21, 2012, during which Dr. Puranik repaired a left rotator cuff tear. The second arthroscopy was performed on September 11, 2012, during which Dr. Puranik repaired a left shoulder SLAP lesion and debrided an incomplete left rotator cuff tear. Following the second arthroscopy, Mr. Pipkin continued to complain of left shoulder pain, leading Dr. Puranik to refer Mr. Pipkin to a pain management specialist.

Paul Bachwitt, M.D., performed an independent medical evaluation on December 20, 2012, and opined that Mr. Pipkin would reach maximum medical improvement in approximately eight weeks, after completing a prescribed course of physical therapy. On March 5, 2013, Dr. Bachwitt authored an addendum to his initial report in which he opined that Mr. Pipkin has reached maximum medical improvement because he completed the prescribed physical therapy. On October 2, 2013, the claims administrator denied Mr. Pipkin's request to reopen his claim on a temporary total disability basis based upon Dr. Bachwitt's March 5, 2013, report. On November 4, 2013, Dr. Puranik provided Mr. Pipkin with a note excusing him from his employment duties for one month amid his complaints of ongoing left shoulder pain.

On September 2, 2014, the Office of Judges reversed the October 2, 2013, claims administrator's decision, reopened Mr. Pipkin's claim on a temporary total disability basis, and granted him temporary total disability benefits through December 4, 2013. The Office of Judges noted that the record is unclear regarding Mr. Pipkin's prior temporary total disability awards, but concluded that Dr. Puranik's treatment notes indicate that Mr. Pipkin should have received temporary total disability benefits through December 4, 2013, providing that his receipt of temporary total disability benefits through December 4, 2013, would not violate the provisions of West Virginia Code § 23-4-6(c) (2005).

Buchanan Pump & Supply Company appealed the September 2, 2014, Order of the Office of Judges to the Board of Review, and on October 10, 2014, filed a motion to stay the September 2, 2014, Order of the Office of Judges and remand the claim to the Office of Judges for further development of the evidentiary record. In support of its motion, Buchanan Pump & Supply Company indicated that at the time Mr. Pipkin protested the October 2, 2013, claims administrator's decision, it possessed substantial evidence that Mr. Pipkin was committing workers' compensation fraud but was unable to submit that evidence to the Office of Judges because doing so would have compromised the West Virginia State Police's investigation into the alleged fraud. Buchanan Pump & Supply Company further asserted that Mr. Pipkin has since been arrested for three felony counts relating to the sale of prescription narcotics, and provided a copy of the criminal complaint against Mr. Pipkin in support of its motion.

On October 17, 2014, the Board of Review granted Buchanan Pump & Supply Company's motion requesting a stay of the September 2, 2014, Office of Judges' Order. On February 4, 2015, the Board of Review remanded the claim to the Office of Judges with instructions to issue a new time frame to allow for the full and complete development of the evidentiary record regarding Mr. Pipkin's entitlement to the temporary total disability benefits awarded by the Office of Judges, and further directing the Office of Judges to consider any new

evidence submitted and issue a new Order either affirming, reversing, or modifying its September 2, 2014, Order. In its Order, the Board of Review noted that West Virginia Code of State Rules § 85-1-14 (2009) provides for the suspension of temporary total disability benefits when a claimant is found to be engaging in workers' compensation fraud.

On appeal to this Court, Mr. Pipkin argues that West Virginia Code § 23-5-12 (2006) prohibits the Board of Review from considering the copy of the criminal complaint against him submitted by Buchanan Pump & Supply Company in support of its motion to stay the September 2, 2014, Order of the Office of Judges and remand the claim to the Office of Judges for further development of the evidentiary record. West Virginia Code § 23-5-12(d) provides: "Instead of affirming, reversing or modifying the decision of the administrative law judge, the Board may, upon motion of any party or upon its own motion, for good cause shown, to be set forth in the Order of the Board, remand the case to the chief administrative law judge for the taking of such new, additional or further evidence as in the opinion of the Board may be necessary for a full and complete development of the facts of the case." Further, West Virginia Code of State Rules § 102-1-5.6 (2013) states: "The Board may not consider evidence that was not considered by the Office of Judges *except in support of a motion to remand.*" (Emphasis added). Therefore, in light of the provisions contained in West Virginia Code § 23-5-12(d) and West Virginia Code of State Rules § 102-1-5.6, the Board of Review's consideration of the criminal complaint against Mr. Pipkin submitted by Buchanan Pump & Supply Company in support of its motion to stay the September 2, 2014, Order of the Office of Judges and remand the claim to the Office of Judges for further development of the evidentiary record was proper, as was its decision to remand the claim for further development of the evidentiary record.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: December 11, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II